UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERARD BOULANGER,
          Plaintiff,

      v.                                Civil Action No. 09-11078-JLT

SHERIFF COUSINS, ET AL.,
          Defendants.

## MEMORANDUM AND ORDER

TAURO, D.J.

      Now before this Court is Plaintiff Gerard Boulanger's ("Boulanger") Motion for Appointment of Counsel (Docket No. 20), filed on February 22, 2011.

      The relevant background is as follows. On June 22, 2009, Boulanger, a prisoner in custody at USP Allenwood in White Deer, Pennsylvania, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Frank G. Cousins, Jr., Sheriff of the Essex County Correctional Facility ("ECCF"), and various officers at ECCF, alleging a number of violations of constitutional rights with respect to his conditions of confinement while at ECCF.

      On July 31, 2009, a Memorandum and Order (Docket No. 4) issued by Judge Gertner directing Plaintiff to show cause within 42 days why this action should not be dismissed for the reasons stated therein, or to file an Amended Complaint curing the pleading deficiencies.

      Thereafter, on October 14, 2009, a further Memorandum and Order (Docket No. 7) issued by Judge Gertner permitting Boulanger's claims regarding the use of excessive force by Defendants John Zaccari and Officer Auger to proceed, but dismissing all other Defendants for failure to comply with the Memorandum and Order to show good cause why those claims should not be dismissed.

      On May 16, 2011, this action was reassigned from Judge Gertner to the undersigned, and the case was referred to this Court's Alternative Dispute Resolution ("ADR") program; Senior Judge Edward F. Harrington was appointed to conduct the ADR. An ADR hearing currently is

set for July 11, 2011.

## DISCUSSION

In his Boulanger's Motion for Appointment of Counsel (Docket No. 20), he asserts he is unable to afford counsel, that the issues are complex, that he has limited access to the prison law library and has limited knowledge of the law.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

Here, where an ADR hearing has been set, this Court finds that appointment of counsel is not warranted at this time. Further, this Court cannot find that exceptional circumstances exist warranting appointment of counsel in this case. Boulanger's assertion that he is indigent, that he lacks legal skills and legal knowledge, and that he has limited access to the law library do not present unique circumstances. Indeed, many prisoner plaintiffs experience the same difficulties in prosecuting civil claims. Moreover, this case essentially boils down to Boulanger's claims of the use of excessive force by the Defendants, and a custom and policy of deliberate indifference

---

[1] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

to his rights. Defendants categorically deny all allegations of wrongful conduct. Based on this, this Court cannot find that Boulanger's claims present novel or complex issues of fact or law.

In short, Boulanger has not presented any extraordinary circumstances justifying the use of scarce pro bono resources, and his motion will be <u>DENIED</u> without prejudice to renew after completion of ADR, if this case should not settle. Any renewed motion must present circumstances, apart from those already asserted, showing that appointment of *pro bono* counsel is warranted.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that Plaintiff's Motion for Appointment of Counsel (Docket No. 20) is <u>DENIED</u> without prejudice to renew <u>after</u> completion of ADR and upon a showing of circumstances warranting appointment of *pro bono* counsel.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: June 20, 2011